UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ADA NOLES PROPERTIES, LLC, and ) | |
| JEREMY SEETON AS EXECUTOR FOR ) | |
| THE ESTATE OF ADA NOLES, ) | |
|     Plaintiffs, ) | |
| v. ) | No. 3:17-CV-1241-K (BF) |
| CITIMORTGAGE, INC., ) | |
|     Defendant. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge for pretrial management. Before the Court is CitiMortgage, Inc.'s ("Defendant") Partial Motion to Dismiss Counts 3-5 of Plaintiffs' First Amended Petition [ECF No. 20] ("Partial Motion to Dismiss"). Ada Noles Properties, LLC ("Ada Noles") and Jeremy Seeton ("Seeton") (collectively, "Plaintiffs") have not filed a response and the time to do so has passed. For the following reasons, the undersigned respectfully recommends that the District Court **GRANT** Defendant's Partial Motion to Dismiss [ECF No. 20].

**BACKGROUND**

On April 4, 2017, Ada Noles filed its Original Petition in the 413th Judicial District Court of Johnson County, Texas. Pet. 1, ECF No. 1 at 9. Plaintiffs state that Ada Noles entered into an agreement with Defendant on April 17, 2009 to borrow money (the "Loan") which was secured by real property located at 4445 County Road 616, Alvarado, Texas 76009 (the "Property"). Am. Compl. 2, ECF No. 16. Plaintiffs state that as a part of this agreement, the parties executed a "Timely Payment Rewards Rider" ("TPR Rider") whereby Defendant agreed to reduce the interest rate of the Loan by 1% if Ada Noles made a series of timely consecutive payments. Am. Compl. 2, ECF No.

1 at 9. Plaintiffs state that such timely payments were made, but Defendant did not give the interest rate deductions. Am. Compl. 3, ECF No. 16. Ms. Ada Noles passed away in 2015, and Seeton became the executor of her estate. Am. Compl. 3, ECF No. 16. Plaintiffs state that on July 11, 2016, Seeton asked Defendant to correct any miscalculation of the Loan payments pursuant to the TPR Rider. Am. Compl. 3, ECF No. 16. Plaintiffs state that Defendant failed to respond or correct the miscalculation. Am. Compl. 3, ECF No. 16. Plaintiffs state that Defendant's claimed balance on the Loan was paid off, and the Property has been transferred through probate to Ada Noles. Am. Compl. 4, ECF No. 16. Plaintiffs allege the following causes of action in their July 3, 2017 Amended Petition: Count 1: Violation of 12 U.S.C. § 2605; Count 2: Breach of Contract: Count 3: Violation of the Texas Deceptive Trade Practices Act ("DTPA"); Count 4: Statutory Fraud; and Count 5: Common Law Fraud. Am. Compl. 4-9, ECF No. 16. On July 24, 2017, Defendant filed its Partial Motion to Dismiss [ECF No. 20] seeking to dismiss Plaintiffs' fraud claims.

## **STANDARD OF REVIEW**

A court may dismiss a claim under Federal Rule of Civil Procedure ("Rule") 12(b)(6) if the claim, when viewed in a light most favorable to the plaintiff, fails to state a valid claim for relief. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). In considering a Rule 12(b)(6) motion to dismiss, the court takes as true all facts pleaded in the complaint, even if they are doubtful in fact. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A court, at this juncture, does not evaluate a plaintiff's likelihood of success, but only determines whether a plaintiff has stated a legally cognizable claim. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank, P.L.C.*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). In resolving a Rule 12(b)(6) controversy, the Court may examine: (1) the complaint and documents attached to the complaint;

(2) documents attached to the motion to dismiss to which the plaintiff refers and are central to the plaintiff's claims; and (3) matters of public record. *See Herrera v. Wells Fargo Bank, N.A.*, Civ. Action No. H-13-68, 2013 WL 961511, at *2 (S.D. Tex. Mar. 12, 2013) (citing *Lone Star Fund V (U.S.), L.P.*, 594 F.3d at 387; *Collins*, 224 F.3d at 498-99; *Cinel v. Connick*, 15 F.3d 1338, 1341, 1343 n.6 (5th Cir. 1994); *United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 379 (5th Cir. 2003); *Funk v. Stryker Corp.*, 631 F.3d 777, 780 (5th Cir. 2011)).

## ANALYSIS

Defendant argues that Plaintiffs' fraud claims (Counts 3 through 5) should be dismissed, because they are nothing more than attempts to convert breach of contract claims into tort claims. Mot. 4-5, ECF No. 20. Defendant argues that Plaintiffs failed to identify any misrepresentation, and Plaintiffs' only allegations in support of their fraud claims pertain to the fact that Defendant failed to give an interest rate reduction under the TPR Rider. Mot. 4, ECF No. 20. Defendant argues that Plaintiffs' mere allegation of a breach of contract claim does not constitute an actionable misrepresentation under Texas law, and that in order to be actionable in tort, Plaintiffs must allege conduct that would be actionable even in the absence of a contract. Mot. 4, ECF No. 20 (citing *Crawford v. Ace Sign, Inc.*, 917 S.W.2d 12, 14-15 (Tex. 1996)).

With respect to the DTPA claim, Plaintiffs allege that Defendant's inclusion of the TPR Rider "without the intention that it be carried out[]" violated the DTPA, and that "Defendant's failure to keep its promise demonstrates that, at the time i[t] made the promise . . . it did not have an adequate system in place to keep its promise if she qualified and thus demonstrates that Defendant never intended to keep its promise and thus mislead on the existence and/or amount of a price reduction." Am. Compl. 6-7, ECF No. 16. Therefore, Plaintiffs basically allege that Defendant's

3

failure to perform under the TPR Rider standing alone is evidence of Defendant's intent not to perform at the time it entered into the agreement. *See* Am. Compl. 6-7, ECF No. 16. Plaintiffs allege elsewhere in their amended complaint that "since [Ada Noles] did not get the benefit of qualifying, the circumstantial evidence is that Defendant did not put into place the operational or organizational functionality [] to recognize a qualifier under the rider, thus being unlikely to keep its promises under the r[i]der." Am. Compl. 3, ECF No. 16. Plaintiffs similarly allege here that Defendant's failure to perform is evidence of Defendant's intent not to perform. Defendant argues that Plaintiffs' allegations cannot form the basis of a fraud claim, because Plaintiffs' only allegation with respect to the falsity of the TPR Rider is that Defendant's statements in the rider were false, because Defendant failed to perform under the rider. Mot. 4, ECF No. 20. Defendant argues that, "[f]or a promise of future performance to be the basis of actionable fraud, it must have been false at the time it was made. 'Failure to perform, standing alone, is no evidence of the promisor's intent not to perform when the promise was made.'" Mot. 4, ECF No. 20 (quoting *Schindler v. Austwell Farmers Coop.*, 841 S.W.2d 853, 854 (Tex. 1992)). As Defendant argues, Plaintiffs' allegations fail to allege a plausible DTPA claim and should be dismissed. *See Crawford*, 917 S.W.2d at 14-15 ("Crawford's statements were nothing more than representations that the defendants would fulfill their contractual duty to publish, and the breach of that duty sounds only in contract. The statements themselves did not cause any harm. The failure to run the advertisement (the breach of the contract) actually caused the lost profits, and that injury is governed by contract law, not the DTPA.").

Defendant argues that Plaintiffs' allegations with respect to their statutory and common law fraud claims are similarly premised in that Defendant allegedly engaged in fraud by failing to fulfill a contractual promise. Mot. 5, ECF No. 20 (citing Am. Compl. 7, ECF No. 16). Defendant argues

4

that these fraud claims should also be dismissed, because Plaintiffs fail to allege other facts regarding Defendant's intent, and they lack allegations regarding essential elements. Mot. 5, ECF No. 20. "The mere failure to perform a promise is not of itself evidence of an intent not to perform[,]" and the "mere breach of contract or failure to perform a contract is not evidence of fraud." *Stone v. Enstam*, 541 S.W.2d 473, 480-81 (Tex. Civ. App.-Dallas 1976, no writ) (citing *Rapid Transit Co. v. Smith*, 86 S.W. 322, 335 (1905); *Precision Motors v. Cornish*, 413 S.W.2d 752, 756 (Tex. Civ. App.-Dallas 1967, writ ref'd n .r.e.); *Morgan v. Box*, 449 S.W.2d 499, 504 (Tex. Civ. App.-Dallas 1969, no writ)); *Advanced Messaging Wireless, Inc. v. Campus Design, Inc.*, 190 S.W.3d 66, 70 (Tex. Civ. App.-Amarillo 2005, no pet.) (citing *Schindler v. Austwell Farmers Coop.*, 841 S.W.2d 853, 854 (Tex. 1992)). For the reasons argued by Defendant, Plaintiffs' statutory and common law fraud claims should also be dismissed.

Defendant further argues that Plaintiffs' fraud claims are time-barred, because Plaintiffs allege that the parties entered into an agreement on April 17, 2009, and Plaintiffs would have or should have reasonably discovered through the exercise of reasonable diligence that Defendant did not give the interest rate reduction under the TPR Rider by the second anniversary date in April of 2011, but Plaintiffs filed their lawsuit approximately six years later on April 4, 2017. Mot. 6-7, ECF No. 20 (citing *Cook-Bell v. Mortg. Elec. Registration Sys., Inc.*, 868 F. Supp. 2d 585, 589 (N.D. Tex. 2012); TEX. BUS. & COM. CODE § 17.565). As Defendant points out, a claim under the DTPA is subject to a two year statute of limitations. *See* TEX. BUS. & COM. CODE § 17.565 ("All actions brought under this subchapter must be commenced within two years after the date on which the false, misleading, or deceptive act or practice occurred or within two years after the consumer discovered or in the exercise of reasonable diligence should have discovered the occurrence of the false,

5

misleading, or deceptive act or practice."). In addition, as Defendant also points out, "[i]t is undisputed that a claim for statutory fraud under Tex. Bus. & Com.Code Ann. § 27.01 is subject to a four-year statute of limitations, which begins to run when the plaintiff knows, or, in the exercise of reasonable diligence, should have known, of the defendants' alleged fraudulent conduct." *Superior Air Parts, Inc. v. Kubler*, No. 3:14-CV-3492-D, 2015 WL 567223, at *10 (N.D. Tex. Feb. 11, 2015) (citing *Val-Com Acquisitions Trust v. Bank of Am., N.A.*, No. 4:10-CV-421, 2011 WL 4591959, at *4 (E.D. Tex. Sept. 30, 2011); *Ford v. Exxon Mobil Chem. Co.*, 235 S.W.3d 615, 617 (Tex. 2007)). As Defendant further points out, "[i]n Texas, the statute of limitations for [common law] fraud is four years. . . . Fraud claims accrue on the discovery of the fraud or at such time as the fraud might reasonably have been discovered through the exercise of reasonable diligence." *Cook-Bell*, 868 F. Supp. 2d at 589 (citing TEX. CIV. PRAC. & REM. CODE § 16.004(a)(4); *Carroll v. Jaques*, 927 F. Supp. 216, 223 (E.D. Tex. 1996); *McMeens v. Pease*, 878 S.W.2d 185, 188 (Tex. App.-Corpus Christi 1994, writ denied)). In consideration of the foregoing, Plaintiffs' fraud claims should also be dismissed because they are time-barred as Defendant argues.

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that the District Court **GRANT** Defendant's Partial Motion to Dismiss [ECF No. 20], and dismiss with prejudice Counts 3 through 5 of Plaintiffs' Amended Complaint.

**SO RECOMMENDED**, this 8th day of January, 2018.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).